**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  RONALD MARTINEZ,

Debtor,

------------------------------

RONALD MARTINEZ,

Appellant,

v.

WELLS FARGO BANK N.A.,

Appellee.

No.    19-60052

BAP No. 19-1037

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Spraker, and Taylor, Bankruptcy Judges, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Ronald Martinez, a Chapter 13 debtor, appeals the decision of the Bankruptcy Appellate Panel ("BAP"), affirming the bankruptcy court's grant of relief from the automatic stay to Appellee Wells Fargo and its denial of Martinez's motion for reconsideration. The decision of a bankruptcy court granting stay relief is a final decision reviewable by this Court, *In re Am. Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir. 1984), and we affirm.

We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). The BAP reviewed for abuse of discretion the bankruptcy court's determination regarding stay relief, *In re Gruntz*, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000)*, and the denial of Martinez's motion for reconsideration, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Decisions regarding stay relief are committed to the bankruptcy court's sound discretion, *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996), and thus will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision," *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988) (quotations omitted).

Martinez argues that the bankruptcy court erred when it granted stay relief through an adequate protection agreement, requiring Martinez to pay an additional monthly sum to cure his post-petition defaults, because (1) he was not in default, so

he could not be required to pay more than is provided under the Chapter 13 plan; and (2) Wells Fargo cannot manufacture his default by misapplying payments, intended to cover his obligations under the Chapter 13 plan, to his mortgage (also with Wells Fargo). The bankruptcy court may grant stay relief for cause. 11 U.S.C. § 362(d)(1).

Here, Martinez failed to demonstrate that he was current on the payments required by his Chapter 13 plan: (1) regular monthly maintenance payments on his home equity loan and (2) additional monthly payments designated by the plan to cure the pre-petition arrearage on his home equity loan. And even if Wells Fargo did misapply certain payments, these misapplied sums do not account for all of Martinez's missed payments. Nor did the terms of Martinez's Chapter 13 plan prohibit Wells Fargo from seeking a remedy if Martinez breached his plan obligations. The plan only dealt with Martinez's pre-prepetition debts and provided that "[c]onfirmation of the [p]lan is without prejudice to the rights of secured creditors with respect to post-petition defaults by the debtor(s)." Accordingly, the bankruptcy court did not abuse its discretion in granting stay relief through an adequate protection agreement.

**AFFIRMED.**

3